IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO
LAS CRUCES DIVISION

**KENNETH COOPER, Individually and**                                                         **PLAINTIFF**
**on Behalf of All Others Similarly Situated**

vs.                                                        No. 2:21-cv-264

**AMERICAN SPECIALTY PHARMACY, INC.**                                 **DEFENDANT**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Kenneth Cooper ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorney Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint—Collective Action against Defendant American Specialty Pharmacy, Inc. ("Defendant"), and in support thereof he does hereby state and allege as follows:

### I. PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiff, individually and on behalf of all others similarly situated employed within a three-year period preceding the filing of this Complaint.

2. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the New Mexico Minimum Wage Act, NM Stat § 50-4-21, *et seq.* ("NMMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendant's failure to pay Plaintiff and other similarly situated employees lawful overtime compensation for hours worked in excess of forty hours per week.

3. Upon information and belief, for at least three years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA as described, *infra*.

## II. JURISDICTION AND VENUE

4. The United States District Court for the District of New Mexico has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. This Complaint also alleges NMMWA violations, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiff's NMMWA claims pursuant to 28 U.S.C. § 1367(a).

6. Defendant does business in this District and a substantial part of the events alleged herein occurred in this District; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

7. Plaintiff is an individual and resident of Doña Ana County.

8. Defendant is a foreign, for-profit corporation.

9. Defendant's registered agent for service is Northwest Registered Agent, Inc., at 530-B Harkle Road, Suite 100, Santa Fe, New Mexico 87505.

10. Upon information and belief, Defendant does business as ASP Cares.

11. Defendant maintains a website at https://www.aspcares.com/.

## IV. FACTUAL ALLEGATIONS

12. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

13. Defendant is an employer within the meanings set forth in the FLSA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer.

14. Defendant operates pharmacies throughout the United States, including in New Mexico.

15. Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce, such as medicine and medical supplies.

16. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) for each of the three years preceding the filing of this Complaint.

17. At all material times herein, Plaintiff has been entitled to the rights, protection and benefits provided under the FLSA.

18. Plaintiff was employed by Defendant within the three years preceding the filing of this Original Complaint.

19. Specifically, Plaintiff was employed by Defendant as a Pharmacist from June of 2017 until November of 2019.

20. Plaintiff worked at Defendant's location in New Mexico.

21. Defendant classified Plaintiff as exempt from the FLSA and purported to pay him a salary.

22. Defendant also employed other Pharmacists within the three years preceding the filing of this lawsuit.

23. Defendant classified other Pharmacists as exempt from the FLSA and purported to pay them a salary.

24. At all times material herein, Plaintiff has been entitled to the rights, protections and benefits provided under the FLSA.

25. At all relevant times herein, Defendant directly hired Pharmacists to work on its behalf, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

26. Although Defendant purported to pay Plaintiff a salary, if Plaintiff took a day off work or worked fewer than 40 hours in a week, Defendant deducted money from Plaintiff's pay.

27. Upon information and belief, other Pharmacists were paid in the same way that Plaintiff was paid. In other words, pay was deducted from other Pharmacists' pay when they worked fewer than 40 hours in a week.

28. Therefore, Plaintiff and other Pharmacists were not paid on a "salary basis" as defined by 29 C.F.R. § 541.602.

29. Plaintiff regularly worked over forty hours in a one-week period.

30. Upon information and belief, other Pharmacists also regularly worked over forty hours in a one-week period.

31. Plaintiff and other Pharmacists were not paid overtime wages for hours worked over forty per week.

32. At all relevant times herein, Defendant has deprived Plaintiff and other Pharmacists of overtime compensation for all of the hours worked over forty per week.

33. Plaintiff and other Pharmacists were required to clock in and out using Defendant's timecard system.

34. Defendant knew or should have known that Plaintiff and other Pharmacists regularly worked over 40 hours in a week.

35. Defendant knew or showed reckless disregard for whether the way it paid Plaintiff and other Pharmacists violated the FLSA.

## V.     REPRESENTATIVE ACTION ALLEGATIONS

36. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

37. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

38. Plaintiff brings his FLSA claims on behalf of all Pharmacists employed by Defendant at any time within the applicable statute of limitations period, who were classified by Defendant as exempt from the overtime requirements of the FLSA and who are entitled to payment of the following types of damages:

A. Payment for all hours worked, including payment of a lawful overtime premium for all hours worked for Defendant in excess of forty hours in a workweek;

B. Liquidated damages; and

C. Attorneys' fees and costs.

39. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

40. The members of the proposed FLSA Collective are similarly situated in that they share these traits:

A. They were classified by Defendant as exempt from the overtime requirements of the FLSA;

B. Defendant purported to pay them a salary;

C. Wages were deducted from their pay when they worked less than forty hours in a week;

D. They worked over forty hours in at least one week within the past three years; and

E. They were subject to Defendant's common policy of failing to pay an overtime premium for all hours worked over forty in each week.

41. Because these employees are similarly situated to Plaintiff, and are owed overtime for the same reasons, the opt-in class may be properly defined as:

**All Pharmacists who worked over forty hours in any week within the past three years.**

42. Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

43. Plaintiff is unable to state the exact number of the potential members of the FLSA Collective but believes that the group exceeds fifty persons.

44. Defendant can readily identify the members of the Section 16(b) Collective. The names, physical addresses, electronic mailing addresses and phone numbers of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail, email and text message to their last known physical and electronic mailing addresses and cell

phone numbers as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

## VI. FIRST CLAIM FOR RELIEF
### (Individual Claim for Violation of the FLSA)

45.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

46.     29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

47.     Defendant misclassified Plaintiff as exempt from the overtime protections of the FLSA.

48.     Defendant failed to pay Plaintiff an overtime rate of 1.5x his regular rate for all hours worked in excess of 40 per week, despite Plaintiff's entitlement thereto.

49.     Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

50.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred within the three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

51.     Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the

amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

52. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII. SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of the FLSA)

53. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

54. Plaintiff brings this collective action claim on behalf of all similarly situated Pharmacists employed by Defendant to recover monetary damages owed by Defendant to Plaintiff and members of the putative collective for all the overtime compensation for all the hours he and they worked in excess of forty each week.

55. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

56. Defendant failed to pay Plaintiff and all similarly situated Pharmacists an overtime rate of 1.5x their regular rate for all hours worked in excess of 40 per week, despite their entitlement thereto.

57. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

58. By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff and all those similarly situated for, and Plaintiff and all those similarly situated

seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

59. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and all those similarly situated as provided by the FLSA, Plaintiff and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.   THIRD CLAIM FOR RELIEF
### (Individual Claim for Violation of the NMMWA)

60. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

61. Plaintiff asserts this claim for damages and declaratory relief pursuant to the NMMWA, NM Stat § 50-4-21, *et seq.*.

62. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the NMMWA, NM Stat § 50-4-21(B).

63. Section 50-4-22 of the NMMWA requires employers to pay all employees a minimum wage for all hours worked, and to pay 1.5x regular wages for all hours worked over 40 hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

64. Defendant classified Plaintiff as non-exempt from the requirements of NNMWA.

65. Defendant failed to pay Plaintiff for all hours worked, including overtime wages as required under the NNMWA for all hours that Plaintiff worked in excess of forty per week.

66. Defendant knew or should have known that its practices violated the NNMWA.

67. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

68. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for, and Plaintiff seeks, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorney's fees as provided by the NMMWA.

## IX.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Kenneth Cooper, individually and on behalf of all others similarly situated, respectfully prays that Defendant be summoned to appear and to answer herein as follows:

A. That Defendant be required to account to Plaintiff, the collective members and the Court for all of the hours worked by Plaintiff and the collective members and all monies paid to them;

B. A declaratory judgment that Defendant's practices violate the FLSA, the NMMWA and their related regulations;

C. Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

D. Judgment for damages for all unpaid overtime compensation under the FLSA, the NMMWA and their related regulations;

E. Judgment for liquidated damages pursuant to the FLSA, the NMMWA and their related regulations in an amount equal to all unpaid overtime compensation owed to Plaintiff and members of the collective during the applicable statutory period;

F.   An order directing Defendant to pay Plaintiff and the collective pre-judgment interest, reasonable attorney's fees and all costs connected with this action; and

G.   Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**KENNETH COOPER, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Parkway, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*_____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com